PER CURIAM.
I,We granted certiorari in this matter to consider whether 11 U.S.C. § 525[1] is ap *971 plicable in the context of public housing evictions for failure to pay pre-petition rent which was discharged in bankruptcy. For the following reasons, we find that the statute is not applicable and does not prevent a Public Housing Authority from using unpaid lease payments as a basis for evicting a lessee. Consequently, we reverse the Fourth Circuit Court of Appeal’s judgment and reinstate the trial court’s judgment.[2]
FACTS AND PROCEDURAL HISTORY
Tony Eason (“Mr. Eason”), pursuant to a written lease bearing his signature, leased an apartment from the Housing Authority of New Orleans (“HANO”) on October 19, 2004 for $254.00 per month. Despite Mr. Eason’s failure to pay his rent | consistently, HANO offered financial counseling, repayment plans, delayed collection of monies owed, and it also waived his financial obligations for the full year of 2006.
In 2007, HANO sought to dissolve the lease and regain possession of the property. On September 4, 2007, HANO filed a Rule for Possession in state court, wherein it sought to evict Mr. Eason from the property for his nonpayment of rent for the period of January 1, 2007 through September 1, 2007, which totaled $2,620.13 in outstanding monthly rent payments. The hearing on the Rule was scheduled for October 3, 2007. However, Mr. Eason filed a bankruptcy petition in the United States Bankruptcy Court on October 2, 2007, seeking relief under Chapter 7 of Title 11 of the Bankruptcy Code. In this petition, Mr. Eason listed HANO as an “Unsecured Non-priority Claim.” The filing of the bankruptcy petition resulted in an automatic stay of the eviction proceeding in state court pursuant to 11 U.S.C. § 362.
During the bankruptcy proceedings, Mr. Eason attempted to tender payments to HANO for post-petition rent. However, after HANO informed Mr. Eason that it was not the proper party to receive the payments due to the federal court order that stayed all proceedings, the funds were deposited into the registry of the state court.
On December 5, 2007, after Mr. Eason’s petition was classified as an eligible discharge, HANO filed a Motion to Lift Automatic Stay. At the hearing on the stay, Mr. Eason asserted that since he paid his post-petition rent and his pre-petition rent was dischargeable in bankruptcy, he did not owe HANO anything. Accordingly, he contended that HANO could not pursue its eviction claim against him. Ultimately, the Bankruptcy Court granted HANO’s motion, finding that post-petition rents paid in escrow had no effect on the eviction proceedings.
Mr. Eason appealed this decision in his federal proceedings three separate | ¡¡times. Each time, his appeal was considered and denied.
On February 7, 2008, the state court conducted the eviction hearing. The trial court ruled in HANO’s favor, permitting it to regain possession of its property. Mr. *972 Eason filed a motion for appeal, assigning as error the granting of the Rule for Possession.
The Louisiana Court of Appeal for the Fourth Circuit reversed the trial court’s judgment and remanded the case for further proceedings. In so doing, it relied on the language of 11 U.S.C. § 525(a), which provides, in pertinent part, that:
... a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is discharge-able in the case under this title or that was discharged under the Bankruptcy Act.
Also, the court based its ruling on Stoltz v. Brattleboro Housing Authority, 315 F.3d 80, 88 (2d Cir.2002) wherein the United States Court of Appeals for the Second Circuit held that a public housing lease is a grant “similar” to a “license, permit, charter or franchise.” Accordingly, the Court of Appeal found that HANO, a governmental entity, is prohibited from evicting tenants solely on the basis of non-payment of pre-petition rent pursuant to the history of 11 U.S.C. § 525.
By letter dated June 22, 2009, Mr. Ea-son’s counsel represented to this Court that Mr. Eason vacated the Housing Authority apartment that is the subject of this litigation. Accordingly, Mr. Eason suggested that this action might render | consideration of the writ application moot. However, after further review, this Court finds it necessary to grant the writ application and issue this opinion in light of both the absence of a judgment ordering that the tenant be evicted and the published Fourth Circuit decision that misapplies a federal statute. 1
LAW AND DISCUSSION
HANO argues that 11 U.S.C. § 525(a) is inapplicable in the instant case, insofar as the statute contemplates bankruptcy-based discrimination and HANO was not seeking any form of retaliation. It urges that it was following state laws relevant to evicting a Louisiana tenant pursuant to a Louisiana lease for failure to tender rent payments. HANO also reminds this court of its numerous attempts to work with and counsel Mr. Eason in an effort to keep him housed and rents current.
Regarding the interplay of Louisiana state law and the Bankruptcy Code, HANO asserts that the discharge of debts works to provide a debtor with a clean slate but does not relieve the debtor from all contractual liability or prevent a creditor from exercising its rights.
Mr. Eason, alternatively, argues that a bankruptcy mandate supercedes a contract governed by state law. Primarily, he relies on Stoltz, wherein the court held that 11 U.S.C. § 525(a) prohibits eviction based solely on the non-payment of discharged pre-petition rent. 315 F.3d 80.
We find that 11 U.S.C. § 525(a) is inapplicable in the matter at issue. The post-petition tenders are not proper grounds for denying HANO the right to evict Mr. Eason, the debtor, for violating the terms of his lease. Furthermore, the classification of the pre-petition rent as discharged *973 does not render the right of HANO to evict Mr. Eason non-existent. There is no legal support for the notion that an individual is allowed to live rent-free for a period of two years without the lessor having eviction |sas an available avenue of recourse. Accordingly, the Court of Appeal’s decision is reversed, and the trial court’s judgment is reinstated.
DECREE
Based on the foregoing, we find that 11 U.S.C. § 525(a) is inapplicable in the context of public housing for the purposes of evicting a lessee for failure to pay discharged pre-petition rent. Accordingly, the Court of Appeal judgment is reversed, and the trial court’s judgment is reinstated.
REVERSED.

. The relevant language of this statute is set out in the body of the opinion, infra.

. Louisiana Code of Civil Procedure Article 4733 provides:
If the lessee or occupant does not comply with the judgment of eviction within twenty-four hours after its rendition, the court shall issue immediately a warrant directed to and commanding its sheriff, constable, or marshal to deliver possession of the premises to the lessor or owner.